UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOWERMAN CLEANING &
RESTORATION LLC,

      *Plaintiff*,

v.

STAMFORD PLAZA HOTEL &
CONFERENCE CENTER *d/b/a* THE
ARMON HOTEL, ROSDEV HOTEL
MANAGEMENT SERVICES INC., *and*
STAMFORD HOSPITALITY L.P.,

      *Defendants*.

No. 24-CV-5863 (KMK)

ORDER & OPINION

<u>Appearances</u>:

Anthony Varbero, Esq.
Quintairos, Prieto, Wood & Boyer P.A.
New York, NY
*Counsel for Plaintiff*

Stephen George Walko, Esq.
Andrea Christina Sisca, Esq.
Ivey, Barnum & O'Mara, LLC
Greenwich, CT
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

  Bowerman Cleaning & Restoration LLC ("Plaintiff") brings this Action against the Stamford Plaza Hotel & Conference Center d/b/a The Armon Hotel (the "Armon Hotel"), Rosdev Hotel Management Services ("Rosdev"), and Stamford Hospitality L.P. (collectively, "Defendants"), alleging claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, conversion, account stated, and diversion of trust funds. (*See generally* Compl. (Dkt. No. 1).) Before the Court is Defendants' Motion to Dismiss (the

"Motion"). (*See* Not. of Mot. (Dkt. No. 26).) For the reasons discussed below, the Motion is granted.

## I. Background

A. Factual Background

The following facts are drawn from Plaintiff's Complaint and are assumed to be true for the purpose of resolving the instant Motion. *See Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024).

Plaintiff is a New York LLC that provides emergency restoration and cleaning services. (Compl. ¶ 4.) Michael Rosenberg ("Rosenberg") is the president of RDCP Holdings, Inc. ("RDCP"), a Canadian entity that is the general partner of the Armon Hotel and Stamford Hospitality, both of which have a principal place of business at 2701 Summer Street, Stamford, Connecticut. (*Id.* 2 n.1, ¶¶ 5, 7.) The Armon Hotel is a "deluxe getaway hotel" that is structured as a foreign limited partnership. (*Id.* ¶ 5.) Stamford Hospitality is a Delaware limited partnership. (*Id.* ¶ 7.) Rosenberg is also the president and CEO of Rosdev, "which owns the named Defendants in its real estate portfolio." (*Id.* 2 n.1.) Plaintiff does not specify exactly which Defendants are owned by Rosdev. RDCP, the Armon Hotel, Stamford Hospitality, and Rosdev all have "principal office[s]" at 7077 Park Avenue Du Parc, Suite 600, Montreal, Quebec. (*Id.* ¶¶ 5–7.)

On or about April 13, 2023, a fire broke out in the Armon Hotel's garage, engulfing as many as eight vehicles. (*Id.* ¶ 8(a).)[1] The Stamford Fire Department assessed that the structure

---

[1] Plaintiff misnumbers its Complaint, as there are two paragraphs labeled "8." (*See* Compl. 3.) The Court refers to the first paragraph as 8(a) and the second as 8(b).

2

of the garage had been compromised by the fire and ordered all firefighters and hotel guests away from the area.  (*Id.* ¶ 8(b).)

The same day, Armon Hotel engaged Plaintiff to provide "emergency restoration and cleaning services."  (*Id.* ¶ 9; *see also* Compl., Ex. B (Dkt. No. 1-2) (the agreement between Armon Hotel and Plaintiff.)  Plaintiff provided those services between April 13 and 17, 2023.  (Compl. ¶ 11.)  Plaintiff charged $314,166.32 for its services.  (*Id.* ¶ 12.)  Plaintiff has yet to receive any payment for the services rendered.  (*Id.* ¶¶ 12–13.)

B.  Procedural Background

On August 1, 2024, Plaintiff initiated this Action.  (*See* Compl.)  On October 10, 2024, the Court set a motion briefing schedule.  (Dkt. No. 25.)  On October 24, 2024, Defendants filed the instant Motion.  (*See* Defs' Mem. in Supp. ("Defs' Mem.") (Dkt. No. 26-1).)  On November 8. 2024, Plaintiff filed its Opposition.  (*See* Pl's Mem. in Opp. ("Pl's Opp.") (Dkt. No. 30).)  On November 22, 2024, Defendants filed their Reply.  (*See* Defs' Reply Mem. in Supp. ("Defs' Reply") (Dkt. No. 34).)

On December 21, 2024, Plaintiff sent a letter notifying the Court of a state court decision against Defendants.  (*See* Dkt. No. 35.)  On January 3, 2025, at the Court's direction, Defendants filed a letter response.  (*See* Dkt. No. 37.)

II.  Discussion

A.  Standard of Review

1.  12(b)(2)

On a Rule 12(b)(2) motion, the plaintiff has the burden of establishing that the court has jurisdiction over the defendant.  *See In re Magnetic Audiotape Antitrust Litig.,* 334 F.3d 204, 206 (2d Cir. 2003) (per curiam); *see also Bayshore Cap. Advisors, LLC v. Creative Wealth Media*

*Fin. Corp.*, 667 F. Supp. 3d 83, 116 (S.D.N.Y. 2023) (same).  However, "prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith legally sufficient allegations of jurisdiction, i.e., by making a prima facie showing of jurisdiction." *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998) (alteration adopted) (italics, citation, and quotation marks omitted); *see also Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008) ("Where . . . a district court relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a prima facie showing of personal jurisdiction over the defendant." (citation and quotation marks omitted)).  "[A] prima facie showing of jurisdiction does not mean that [the] plaintiff must show only some evidence that [the] defendant is subject to jurisdiction; it means that [the] plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction." *Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.*, 975 F. Supp. 562, 564 (S.D.N.Y. 1997); *see also Royall v. City of Beacon*, No. 24-CV-3, 2024 WL 4266546 (S.D.N.Y. Sept. 23, 2024) (same).  A plaintiff may "make this showing through [her] own affidavits and supporting materials, containing an averment of facts that, if credited . . ., would suffice to establish jurisdiction over the defendant." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (alteration, citations, and quotation marks omitted); *see also Mayor v. Sankareh*, No. 21-CV-10831, 2023 WL 2393919, at *2 (S.D.N.Y. Feb. 7, 2023), *report and recommendation adopted*, 2023 WL 2207602 (S.D.N.Y. Feb. 24, 2023) (same).

Although a court must credit a plaintiff's allegations in support of jurisdiction and "construe the pleadings and any supporting materials in the light most favorable to the plaintiff[,]" a court may also consider materials beyond the pleadings in connection with a Rule 12(b)(2) motion.  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir.

4

2013) (citing *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)); *see also SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 167 (S.D.N.Y. 2015) ("[A] court may consider documents beyond the pleadings in determining whether personal jurisdiction exists." (quoting *Greatship (India) Ltd. v. Marine Logistics Sols. (Marsol) LLC*, No. 11-CV-420, 2012 WL 204102, at *2 (S.D.N.Y. Jan. 24, 2012)))). "Pleadings that assert only 'conclusory non-fact-specific jurisdictional allegations' or state a 'legal conclusion couched as a factual allegation' do not meet [a plaintiff's] burden" of establishing personal jurisdiction over a defendant. *Pruthi v. Empire City Casino*, No. 18-CV-10290, 2022 WL 596370, at *2 (S.D.N.Y. Feb. 28, 2022) (quoting *Jazini*, 148 F.3d at 185); *see also Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (explaining that a court cannot "draw 'argumentative inferences' in the plaintiff's favor" in considering Rule 12(b)(2) motion (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992))).

    2.  12(b)(3)

"On a motion to dismiss a complaint under Rule 12(b)(3) for improper venue, 'the plaintiff bears the burden of establishing that venue is proper.'" *Lehrer v. J&M Monitoring, Inc.*, No. 20-CV-6956, 2022 WL 2392441, at *3 (S.D.N.Y. July 1, 2022) (quoting *Ne. Landscape & Masonry Assocs., Inc. v. State of Conn. Dep't of Labor*, No. 14-CV-9104, 2015 WL 8492755, at *2 (S.D.N.Y. Dec. 10, 2015)). In analyzing a claim of improper venue, a court must view all facts in the light most favorable to the plaintiff. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007). Thus, a "[c]ourt must accept the facts alleged in the complaint and construe all reasonable inferences in the plaintiff's favor." *Ne. Landscape*, 2015 WL 8492755, at *2 (alteration in original) (citation omitted).

The permissible venue in this Action is determined by the general venue provision for cases. *See* 28 U.S.C. § 1391(b). Under that statute, venue can be laid "in either (1) the district of the defendant's residence; (2) the district where a substantial part of the events giving rise to the claim occurred; or (3) if neither of those can be applied, any district where a defendant is subject to personal jurisdiction." *Lehrer*, 2022 WL 2392441, at *3 (citation omitted). Importantly, the Second Circuit has said that courts "are required to construe the venue statute strictly." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (citing *Olberding v. Ill. Cent. R.R.*, 346 U.S. 338, 340 (1953)).

When considering a motion to dismiss for improper venue under Rule 12(b)(3), "the plaintiff only needs to make a prima facie showing of venue to defeat the motion.'" *Liu v. Mayorkas*, No. 24-CV-7317, 2025 WL 1707617, at *2 (E.D.N.Y. June 18, 2025) (italics omitted) (quoting *Gulf Ins. Co.*, 417 F.3d at 355). When venue is improper, a court shall dismiss "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Spano v. Suri*, No. 23-CV-7783, 2025 WL 1380035, at *2 (S.D.N.Y. May 13, 2025) (quoting 28 U.S.C. § 1406(a)); *see also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) (noting that a court must decide whether to "simply affirm dismissal on these [improper venue] grounds or, in the interest of justice, order transfer of the action to another district where jurisdiction and venue properly obtain"). Even where venue is proper, a court may, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In determining whether to transfer, courts should first inquire "whether the action could have been brought in the proposed transferee forum." *Spence v. N.Y.C. Police Dep't*, No. 24-CV-9823, 2024 WL

5273223, at *1 (S.D.N.Y. Dec. 30, 2024) (quoting *Megna v. Biocamp Lab'ys Inc.*, 220 F. Supp. 3d 496, 497 (S.D.N.Y. 2016)).  Second, courts are to "engage in an individualized, case-by-case consideration of convenience and fairness and to weigh in the balance a number of case-specific factors."  *Manchin v. PACS Grp., Inc.*, No. 24-CV-8636, 2025 WL 1276569, at *6 (S.D.N.Y. May 1, 2025) (quotation marks omitted) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

> Among the factors to be considered in determining whether to grant a motion to transfer venue are, inter alia:  (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*Id.* (quoting *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)).

B.  Analysis

Defendants argue that dismissal is warranted for lack of personal jurisdiction, (*see* Defs' Mem. 7–16), and for improper venue, (*see id.* 16–17), and, in the alternative, this Action should be transferred to the District of Connecticut, (*id.* 18).

1.  Personal Jurisdiction

"There are three requirements for the Court to exercise personal jurisdiction."  *Johnson v. Stop & Shop Supermarket Co., LLC*, No. 22-CV-9691, 2024 WL 1217074, at *6 (S.D.N.Y. Mar. 21, 2024) (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–61 (2d Cir. 2012)).

7

> First, the plaintiff's service of process upon the defendant must have been procedurally proper. Second, there must be a statutory basis for personal jurisdiction that renders such service of process effective. Third, the exercise of personal jurisdiction must comport with constitutional due process principles. The sufficiency of Plaintiff's service of process on [Defendants] is not at issue here . . . .

*Id.* (quotation marks and citations omitted). "A federal court sitting in diversity looks to the law of the state in which it sits to ascertain whether it may exercise personal jurisdiction over a foreign defendant." *JihShyr Yih v. Taiwan Semiconductor Mfg. Co.*, No. 18-CV-3844, 2019 WL 2578306, at *4 (S.D.N.Y. June 24, 2019), *aff'd sub nom. Yih v. Taiwan Semiconductor Mfg. Co.*, 815 F. App'x 571 (2d Cir. 2020) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002)). Accordingly, the Court must analyze whether it has personal jurisdiction over Defendants "under a theory of either general jurisdiction pursuant to N.Y. C.P.L.R. § 301 [("Section 301")] or specific jurisdiction under N.Y. C.P.L.R. § 302 [("Section 302")]." *Id.* If a court determines that neither Section 301 nor Section 302 is met, it need not consider whether constitutional due process is satisfied. *See Johnson*, 2024 WL 1217074, at *6. "A plaintiff must establish [personal] jurisdiction with respect to each claim asserted." *79th Grp., Inc. v. Moore*, No. 23-CV-2521, 2024 WL 36992, at *12 (S.D.N.Y. Jan. 3, 2024) (quoting *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004)).

    a.  Section 301

Defendants argue that there is no jurisdiction pursuant to Section 301. (Defs' Mem. 7–9.) Plaintiff does not address, and therefore concedes, this point. (*See* Pl's Opp. 3–4 (mentioning Section 301 but then arguing only that Section 302 applies).) "A plaintiff effectively concedes a defendant's arguments by [its] failure to respond to them." *Bradley v. Markel Serv., Inc.*, No. 22-CV-8928, 2023 WL 6199867, at *7 (S.D.N.Y. Sept. 22, 2023) (first alteration omitted) (quoting *Felske v. Hirschmann*, No. 10-CV-8899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1,

8

2012)); *see also Tacon v. Cromwell*, No. 23-CV-8100, 2024 WL 4275625, at *10 n.15 (S.D.N.Y. Sept. 24, 2024) (finding that plaintiff had conceded an argument that he failed to address in his opposition brief (collecting cases)).

b.  Section 302

"N.Y. C.P.L.R. § 302(a) governs specific jurisdiction." *Mirza v. Docle Vida Med. Spa, LLC*, No. 19-CV-6444, 2024 WL 307969, at *3 (S.D.N.Y. Jan. 26, 2024).  Section 302 provides that:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a).  Section 302 is a "single act statute and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 276 (2d Cir. 2024), *cert. denied*, No. 24-653 (Jan. 21, 2025) (quoting *Chloé*, 616 F.3d at 170).

Defendants argue that there is no jurisdiction pursuant to Section 302.  (Defs' Mem. 9–14.)  Plaintiff does not address Section 302(a)(1), (2), or (4), (*see generally* Pl's Opp.), thereby

conceding that each subsection does not confer personal jurisdiction here. *See Bradley*, 2023 WL 6199867, at *7. Accordingly, the Court addresses only whether Section 302(a)(3) applies.

With respect to Section 302(a)(3),

> a plaintiff must sufficiently allege that the defendant committed a *tortious act* outside of New York and that the defendant's conduct caused injury within New York. In addition, a plaintiff must sufficiently allege either (i) that the defendant regularly does business, or engages in any other persistent conduct, or derives substantial revenue from goods used or services rendered in the state, or (ii) that the defendant expects or reasonably should have expected the act to have consequences in New York, and that the defendant derives substantial revenue from interstate or international commerce.

*Snowbridge Advisors LLC v. ESO Cap. Partners UK LLP*, 589 F. Supp. 3d 401, 413 (S.D.N.Y. 2022) (emphasis added). "[C]ourts determining whether there is injury in New York sufficient to warrant [Section] 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" *Citadel Sec. Ams. LLC v. Portofino Techs. AG*, No. 23-CV-5222, 2024 WL 4635452, at *4 (S.D.N.Y. Oct. 31, 2024) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d. Cir. 2001)). The injured party's residence or domicile in New York "is not a sufficient predicate for jurisdiction under [Section] 302(a)(3)." *IBE Trade Corp. v. Dubinsky*, No. 21-1879-CV, 2022 WL 1487214, at *2 (2d Cir. May 11, 2022) (quotation marks omitted) (quoting *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013)). Similarly, "the Second Circuit has made clear that 'the [plaintiff's] suffering of economic damages in New York is insufficient, alone, to establish a direct injury in New York for [Section] 302(a)(3) purposes." *Giana v. Shein Distrib. Corp.*, No. 24-CV-2599, 2024 WL 4362749, at *3 (S.D.N.Y. Oct. 1, 2024) (quoting *Troma Ent., Inc.*, 729 F.3d at 218). Rather, under Section 302(a)(3), "a plaintiff must show that a nondomicilliary 'derives substantial revenue' from either New York or from interstate or international commerce." *Davey v. PK Benelux B.V.*, No. 20-CV-5726, 2022 WL 1289341, at *3 (S.D.N.Y.

Apr. 29, 2022). To measure "substantial revenue," courts look to "revenue from a particular source (i.e., New York or interstate and international commerce) and the percentage of a defendant's total revenue that comes from that source." *Id.* (underlining omitted) (citing *Ronar, Inc. v. Wallace*, 649 F. Supp. 310, 316 (S.D.N.Y. 1986)). Under Section 302(a)(3)(ii), a plaintiff can show that a defendant "should have had any expectations of consequences in the State of New York" where defendant has made some "discernible effort to directly or indirectly serve the New York market." *48th Rest. Assocs. LLC v. Avra Hosp. LLC*, No. 19-CV-7708, 2022 WL 203592, at *6 (S.D.N.Y. Jan. 24, 2022) (citation omitted). "Courts apply an objective test to determine whether a defendant expects or should have expected an act to have in-state consequences." *Sidik v. Royal Sovereign Int'l*, 17-CV-7020, 2020 WL 5441306, at *6 (E.D.N.Y. Sept. 10, 2020).

As discussed above, Section 302(a)(3) applies only to torts. As contract or quasi-contract claims, Plaintiff's causes of action for breach of contract (first cause of action), breach of the covenant of good faith and fair dealing (second cause of action), unjust enrichment (third cause of action), and account stated (fifth cause of action), do not fall under Section 302(a)(3). *See Paige v. Digit. Bus. Networks All., Inc.*, No. 24-CV-3169, 2025 WL 753952, at *10 (S.D.N.Y. Mar. 10, 2025) ("Contract claims cannot and do not fall under [Section 302(a)(3)], and so the Court cannot exercise long-arm jurisdiction over them." (citing *Twin Hills Holdings, LLC v. Furling*, No. 21-CV-3507, 2023 WL 2742303, at *6 n.8 (E.D.N.Y. Mar. 31, 2023))); *id.* at *10 n.7 (noting that Section 302(a)(3) did not apply to an unjust enrichment claim because it is a "quasi-contract" claim); *Negotiatus Corp. v. Viola Inc.*, No. 24-CV-243, 2025 WL 416021, at *6 (S.D.N.Y. Feb. 6, 2025) (describing an account stated claim as a quasi-contract claim). The only remaining claims for which the Court could exercise personal jurisdiction are the fourth cause of

11

action, conversion, and the sixth cause of action, violation of the New York Lien Law Section 72. Both are tort claims. *See Sevinsky v. County of Cattaraugus*, No. 24-CV-186, 2025 WL 1400724, at *6 (W.D.N.Y. Apr. 8, 2025) ("Under New York law, breach of fiduciary duty is a tort." (citing *Bey v. Roc Nation LLC*, No. 24-CV-2295, 2025 WL 560751, at *2 (S.D.N.Y. Feb. 20, 2025))), *report and recommendation adopted*, 2025 WL 1399144 (W.D.N.Y. May 14, 2025); *Paige*, 2025 WL 753952, at *10 n.8 ("Trover . . . is now the modern tort known as conversion." (quoting *Trott v. Deutsche Bank, AG*, No. 20-CV-10299, 2024 WL 1313040, at *5 (S.D.N.Y. Mar. 26, 2024)).

i.  Conversion

"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *OL USA LLC v. Maersk A/S*, 730 F. Supp. 3d 66, 71 (S.D.N.Y. 2024) (internal quotation marks omitted) (quoting *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49–50 (N.Y. 2006)).

"For [Section] 302(a)(3) to apply, the alleged tortious act[]—in this case, conversion . . .—must have caused injury within New York." *Ballon Stoll P.C. v. Cutler*, No. 23-CV-366, 2024 WL 1256049, at *8 (S.D.N.Y. Mar. 25, 2024) (alterations adopted) (quoting *Troma Ent., Inc.*, 729 F.3d at 218). "[C]ourts apply a 'situs-of-injury test, which asks them to locate the original event which caused the injury.'" *Id.* (quoting *Bank Brussels Lambert*, 171 F.3d at 791). As noted, "[i]t is settled New York law that the suffering of economic damages in New York is insufficient, alone, to establish a 'direct' injury in New York for [Section] 302(a)(3) purposes." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931, 2023 WL 2664079, at *8 n.6 (S.D.N.Y. Mar. 28, 2023) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 38

12

(2d Cir. 2010)). Put another way, "[p]ersonal jurisdiction cannot be established by 'the occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York where the underlying events took place outside New York.'" *Ballon Stoll*, 2024 WL 1256049, at *9 (alterations adopted) (quoting *United Bank of Kuwait v. James M. Bridges, Ltd.*, 766 F. Supp. 113, 116 (S.D.N.Y. 1991)); *see also Darby Trading Inc. v. Shell Int'l Trading & Shipping Co. Ltd.*, 568 F. Supp. 2d 329, 337 (S.D.N.Y. 2008) ("[T]he situs of such a nonphysical commercial injury is the place where the critical events associated with the dispute took place' and not where the resultant monetary loss occurred." (internal quotations and citations omitted)).

Plaintiff alleges that it is owed "third party insurance proceeds" that Defendants received in connection with the services that Plaintiff provided. (*See* Compl. ¶¶ 34–36.) Therefore, Plaintiff's alleged damages are purely financial. (*See id.* ¶ 37.) Because Plaintiff has not alleged any facts from which the Court can infer injury in New York that is not purely financial, "any assertion of jurisdiction under Section 302(a)(3) must also fail." *Select Harvest USA LLC*, 2023 WL 2664079, at *8 n.6; *see also Whitaker*, 261 F.3d at 209 ("The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under [Section] 302(a)(3) where the underlying events took place outside New York." (citation omitted)); *JDH Unlimited Inc. v. APKZ Med. Inc.*, No. 21-CV-3118, 2024 WL 892631, at *8 n.4 (E.D.N.Y. Mar. 2, 2024) (noting that economic consequences felt in New York "are too attenuated to support an exercise of personal jurisdiction under [Section] 302(a)(3)").[2]

---

[2] The Court notes that another vendor, represented by Plaintiff's counsel, who alleges that Defendants have not paid for services rendered after the garage fire, has sued Defendants in Westchester County Supreme Court. (*See* Summons & Complaint, Environmental Appraisers and Builders LLC v. Stamford Plaza Hotel & Conference Center d/b/a The Armon Hotel, Rosdev

13

ii.  N.Y. Lien Law Section 72

A claim pursuant to Lien Law Section 72 sounds in breach of fiduciary duty independent of a breach of contract claim. *See Murray Eng'g P.C. v. Remke*, No. 17-CV-6267, 2018 WL 3773991, at *12 (S.D.N.Y. Aug. 9, 2018) (analyzing a Lien Law claim and concluding that it was a "breach of fiduciary duty claim [and] not duplicative of the breach of contract claim").

Defendants' argument in its entirety is:  "Defendants submit that an alleged violation of a New York state statute, under these circumstances, cannot form the basis for personal jurisdiction."  (Defs' Mem. 14; Defs' Reply 4.)  This is not a substantive argument.  Plaintiff responds by tying the conversion and Lien Law claims to the alleged purely financial injury, (*see* Pl's Opp. 5), and arguing that "the very purpose of [the] statute" of protecting against "the complete misappropriation of insurance proceeds" counsels in favor of finding personal jurisdiction, (*id.* 9).

Plaintiffs' argument is substantive, but unavailing.  As discussed above, an injury that is purely financial fails to establish personal jurisdiction pursuant to Section 302(a)(3).  For the

---

Hotel Management Services Inc. d/b/a Armon Hotel, and Stamford Hospitality LP, No. 67543/2024 (N.Y. Sup. Ct. Aug. 20, 2024), Dkt. No. 1 ("State Compl.").)  On December 19, 2024, the state court found that it had personal jurisdiction pursuant to Section 302(a)(3).  *See* Decision & Order, Environmental Appraisers and Builders LLC v. Stamford Plaza Hotel & Conference Center d/b/a The Armon Hotel, Rosdev Hotel Management Services Inc. d/b/a Armon Hotel, and Stamford Hospitality LP, No. 67543/2024 (N.Y. Sup. Ct. Dec. 19, 2024), Dkt. No. 24.)  The court found sufficient allegations that Defendants committed a tortious act outside New York "which caused injury within the State of New York to Plaintiff."  *Id.* 5.  Plaintiff characterizes this dispute as "identical to the instant matter."  (Dkt. No. 35 at 1.)  In response, Defendants "maintain that the state court is incorrect."  (Dkt. No. 37 at 1.)

The dispute before the state court is very similar to the instant Action— both complaints contain virtually identical factual allegations and the same causes of action.  (*Compare* Compl. *with* State Compl.)  With all due respect, the Court finds the state court's decision unpersuasive, as it does not discuss whether purely financial injury suffices to establish personal jurisdiction pursuant to Section 302(a)(3).

reasons discussed above, the Court may not assert personal jurisdiction over Defendants in relation to the Lien Law claim.  *Select Harvest USA LLC*, 2023 WL 2664079, at *8 n.6 ("Plaintiff has not at this stage presented evidence that it suffered anything other than economic damages in New York . . . and thus any assertion of jurisdiction under Section 302(a)(3) must also fail.").

    2.  Venue

Defendants also argue that this Action should be dismissed because venue is improper.  (*See* Defs' Mem. 16–17.)  Plaintiff disagrees.  (*See* Pl's Opp. 10.)

Under Title 28, Section 1391(b), venue is proper "in either (1) the district of the defendant's residence; (2) the district where a substantial part of the events giving rise to the claim occurred; or (3) if neither of those can be applied, any district where a defendant is subject to personal jurisdiction."  *Lehrer*, 2022 WL 2392441, at *3 (citation omitted).  No Defendant resides in New York.  (*See* Compl. ¶¶ 5–7.)  As discussed above, the events giving rise to the claims at issue here took place in Connecticut.  (*See id.* ¶¶ 8(a)–13.)  Finally, the Court has determined that it cannot exercise personal jurisdiction over the Defendants.  *See supra* Section II.B.1.  Accordingly, venue is not proper in the Southern District of New York.  *See Smith v. Labarge*, No. 23-CV-10264, 2024 WL 532088, at *3 (S.D.N.Y. Jan. 24, 2024) (finding venue not proper where defendants resided and the alleged events took place outside the court's district).

As discussed above, when venue is improper, a court may transfer a case to a district in which it could have been brought "in the interest of justice."  *Spano*, 2025 WL 1380035, at *2.  While Defendants move for transfer only in the event the Court find personal jurisdiction and venue, a court may make a transfer under 28 U.S.C. § 1404(a).  *See Lehrer*, 2022 WL 2392441,

at *5 ("[G]iven that [d]efendants . . . sought only to dismiss and not to transfer the case, the Court must also note that '[a] transfer may be made under 28 U.S.C. § 1404(a) . . . by the court sua sponte.'" (quoting *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F. Supp. 731, 736 (S.D.N.Y. 1996))); *Mirman v. Feiner*, 915 F. Supp. 2d 282, 284 (E.D.N.Y. 2013) ("[A] district court has the authority to transfer a case even where it lacks personal jurisdiction over it." (citing *Corke v. Sameiet M.S. Song*, 572 F.2d 77, 80 (2d Cir. 1978))). In practical terms, the purpose of Section 1404(a) is to "prevent the waste 'of time, energy[,] and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 27 (1960)). To achieve this aim, "[Section] 1404(a) . . . place[s] discretion in the district court to . . . transfer [actions] according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

The Court's discretion is not unbounded. Rather, whether transfer is appropriate under Section 1404 demands a two-step inquiry: "first, whether the action could have been brought in the proposed transferee forum'; and second, 'whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *Lehrer*, 2022 WL 2392441, at *10 (internal quotation marks omitted) (quoting *Solar v. Annetts*, 707 F. Supp. 2d 437, 442 (S.D.N.Y. 2010)); *see also Baez v. Malin*, No. 18-CV-2850, 2020 WL 1445704, at *11 (S.D.N.Y. Mar. 25, 2020) (adopting and applying *Solar*'s two-step inquiry under Section 1404).

This Action could have been brought in the District of Connecticut, the district in which two of the Defendants reside. (*See* Compl. ¶¶ 5–7.) Accordingly, transfer meets this initial threshold inquiry.

In determining whether a court should transfer the action, however, the Second Circuit instructs district courts to weigh seven factors:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*Manchin*, 2025 WL 1276569, at *6.

While the "Second Circuit has made clear that Plaintiff's choice of forum is 'presumptively entitled to substantial deference,'" *Lehrer*, 2022 WL 2392441, at *10 (quoting *Gross v. British Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004)), "it is not the only consideration for purposes of the transfer analysis," *Reyes v. Div. of State Police*, No. 23-CV-2284, 2023 WL 8097163, at *3 (S.D.N.Y. Nov. 21, 2023) (finding that other factors outweighed plaintiff's choice and transferring the case). This factor weighs against transfer.

The second and fourth factors, the convenience of the witnesses and Parties, weigh against transfer. Since shifting from the Southern District of New York to the District of Connecticut "would solely shift [the burden] from one party to the other, [these] factor[s] weigh[] against transfer." *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 618 (S.D.N.Y. 2016) (citing *Kiss My Face Corp. v. Bunting*, No. 02-CV-2645, 2003 WL 22244587, at *3 (S.D.N.Y. Sept. 30, 2003)).

The third factor, location of relevant documents, is neutral because of "the convenience of electronic production." *Lehrer*, 2022 WL 2392441, at *11 (quoting *Miller v. Annucci*, No. 17-CV-4698, 2019 WL 4688539, at *10 (S.D.N.Y. Sept. 26, 2019)); s*ee also U.S. Commodity Futures Trading Comm'n v. Wilson*, 27 F. Supp. 3d 517, 540 (S.D.N.Y. 2014) ("Courts in this district recognize that [t]he location of documents[ ] is neutral in today's era of photocopying, fax machines[,] and Federal Express." (first alteration in original) (quotation marks omitted)).

17

The fifth factor, "the locus of operative facts, is a primary factor in determining whether to transfer venue." *Lehrer*, 2022 WL 2392441, at *10 (alterations adopted) (quotation marks omitted) (quoting *Steck v. Santander Consumer USA Holdings Inc.*, No. 14-CV-6942, 2015 WL 3767445, at *6 (S.D.N.Y. June 17, 2015)). "To determine where the locus of operative facts lies, courts look to the site of events from which the claim arises." *Jean v. HRA*, No. 24-CV-4591, 2024 WL 3695598, at *2 (E.D.N.Y. July 11, 2024) (quoting *Flood v. Carlson Rests. Inc.*, 94 F. Supp. 3d 572, 578 (S.D.N.Y. 2015)). As covered in detail above, the locus of facts is in the District of Connecticut. This factor weighs heavily in favor of transfer.

The sixth factor, availability of process to compel witnesses, and seventh factor, relative means, are "agnostic on the question of transfer" because no Party has discussed or suggested that transfer would impact either factor. *Lehrer*, 2022 WL 2392441, at *11. Finally, "[s]ince this action is at its earliest stages, it would not be inefficient to transfer the case." *Freeplay Music*, 195 F. Supp. 3d at 621; *see also Frame v. Whole Foods Mkt., Inc.*, No. 06-CV-7058, 2007 WL 2815613, at *7 (S.D.N.Y. Sept. 24, 2007) ("Since the case is at its earliest stages, there would be little loss in judicial economy by transferring the case.").

At bottom, the Court's findings that it does not have personal jurisdiction over Defendants and that venue is improper in this District, "in combination with considerations of convenience, justice, and common sense, counsel in favor of transferring this Action to the [District of Connecticut] pursuant to [Section] 1404(a)." *Lehrer*, 2022 WL 2392441, at *11 (alterations adopted) (quoting *Forsher v. J.M. Smucker Co.*, No. 15-CV-7180, 2019 WL 235639, at *1 (E.D.N.Y. Jan. 16, 2019)). To be clear, however, even if the Court had personal jurisdiction over Defendants, the combination of the Section 1404(a) factors would still strongly argue in favor of transferring this case to the District of Connecticut.

18

III.  Conclusion

For the reasons set forth above, the Motion is granted.  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 26, transfer the Action to the District of Connecticut, and close the case.

SO ORDERED.

Dated:   September 23, 2025
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge